[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties are before the court on pendente lite motions concerning visitation and financial issues.[1] They are the parents of two minor children, Amanda, who is five and Aaron, who is nearly four.
On February 14, 2002, the parties entered into an agreement which became an order of the court. The order provided that the parties would have joint legal custody, that the children would be with the husband two nights each week and every other weekend, and that they were working toward a more expanded visitation schedule.[2] It also provided that neither party would go to the other's residence without permission. Both violated the last portion of the order.
Each of the parties has completed a doctoral degree, and both work at the Veteran's Administration hospital in West Haven. The wife's degree is in epidemiology, and she came here with the children from California, where both were educated, four or five months after the husband. The husband's doctorate is in the field of social work, and he obtained his position in August of 2000. The wife had earned approximately $40,000.00 annually in California for a thirty hour per week schedule, and was the primary wage-earner. In Connecticut she has chosen to work only a limited number of hours per week so that she can devote her time to caring for the children. Her earnings from her limited schedule are $374.00 gross, $335.00 net per week. She testified credibly that she would earn approximately $55,000.00 if she worked forty hours a week in her current assignment, and that the work is available to her.
The husband earns $1148.00 per week gross, and $741.00 per week net. He voluntarily reduced his hours in the hope that he would have more time available if he were awarded shared physical custody.
The court determines the wife's earning capacity to be $925.00 per week gross for a thirty five hour week and finds the husband's earnings to be $1,148.00 per week for the same work schedule. The husband's net is CT Page 12275 $741.00 and the wife's net based on earning capacity would be approximately $714.00. The total, $1,490.00 per week, leads to a presumptive child support amount of $399.00 per week, of which $209.00 is attributable to the husband and $190.00 is attributable to the wife.
The husband also seeks a shared custody arrangement, asserting that he wishes to spend far more time with the children than the present arrangement allows. The wife does not feel that appropriate. First, she indicated that he was never very involved with the children during the marriage, either in California or in Connecticut. Secondly, she is concerned that he doesn't make adequate provision for the children's rest or food when he has them. The court does not find that the husband's lack of involvement with the children at an earlier time makes it inappropriate for him to be more involved with them now. The court finds that it is in the best interest of the children to have greater opportunity during the pendente lite period to spend time with their father than they presently do.
Finally, the parties are in dispute as to dissipation of assets. Prior to being served with this action, and at a time the wife didn't know the husband was seeking a divorce, the wife sent $14,000.00 to her mother in China as repayment for her care of the children when they were infants. The payment was made without the husband's direct knowledge, although he had agreed that his mother in law should receive compensation for the assistance she rendered at a time when both parties were trying to earn a living and/or complete their educations. The wife's mother is not a party to this case, and the court cannot compel her to return the money, even if it is still available for return. The wife also removed $13,468.54 from a Vanguard account after being served, but that money was redeposited. Later, most of it was removed by the husband for payment of his attorney's fees. In addition, the husband incurred a debt of $4,000.00 from a California credit union, which he used for the fees of an earlier attorney. The court will not address these matters at this time for purposes of having the money returned, except to note that the sum allegedly paid to the former attorney appears to have been for a retainer which, based on the pleadings filed, may not have been completely used. These issues will be reserved for the final hearing.
Based upon the court's findings and relevant statutory criteria and case law, the court enters the following orders.
1. The parties shall have joint legal custody of their children. Neither party will remove the children or either of them from the United States without an order of this court. Neither party will remove the children or either of them from the State of Connecticut for a period CT Page 12276 longer than fifteen days during each calendar year without an order from this court or the written consent of the other party. At any time the children are with a party overnight, whether on vacation or during regularly scheduling parental access, that party shall make the children available to the other party daily for reasonable telephone contact in light of their ages.
2. The children shall primarily reside with the wife. The husband shall have the children with him as follows:
WEEK ONE (Commencing the week of October 7, 2002)
Tuesday After the children's school until 7:00 p.m.
Thursday After the children's school until 7:00 p.m.
Saturday at 10:00 a.m. until Sunday at 7:00 p.m.
WEEK TWO (Commencing the week of October 14, 2002)
Tuesday After the children's school until 7:00 p.m.
 Thursday After the children's school until Friday when school begins.
Sunday 2:00 p.m. until 7:00 p.m.
Each party will be responsible during their respective parenting time for taking the children to activities which have been scheduled for them. However, in the future, neither party will schedule activities for the children during the other parent's scheduled time without consulting the other parent. On weekday visits, the husband will pick the children up from their school and return them either to the wife's home or the children's school at the end of the visitation. On weekend visits, the wife will deliver the children to the husband's home and he will return them to her home. Neither party will enter the other party's residence without permission. Any personal belongings including clothing that the children take with them to the other parent's home will be returned with the children, without exception. Both parties will have access to all information concerning schooling, extra-curricular activities, and medical records, but each party will have the responsibility of obtaining them
3. The parties will not say anything negative about each other at any time the children are in their presence, nor permit the children to be in CT Page 12277 the presence of anyone who does so. During exchanges and at any time the children can hear, they will refrain from discussing any adult issues, and will conduct themselves respectfully toward the other parent.
4. Each party will be responsible for obtaining urgent or emergency medical care for the children while they are responsible for the children, and will immediately notify the other parent of the need for such care and where it is "being provided. The wife will be responsible for scheduling routine medical appointments, but the husband will be informed of them and will be permitted to attend.
5. The husband will pay the wife child support of $209.00 in accordance with the Guidelines as set forth herein, together with his share of 38% of unreimbursed medical expenses and day care expenses. Child support is retroactive to March 19, 2002, and the parties are ordered to calculate the arrearage subject to credit for sums actually paid. The arrearage will be paid at the rate of $40.00 per week until paid in full. The parties will submit a stipulation regarding the arrearage but the court will retain jurisdiction if they are not able to agree.
BY THE COURT,
GRUENDEL, J.